IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HANNAH R. FOSTER,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:18-21

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 13 and 15]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 14 and 16]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Defendant's Motion for Summary Judgment [ECF No. 15] and denying Plaintiff's Motion for Summary Judgment. [ECF No. 13].

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Child Disability Benefits ("CDB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI")

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

under Title XVI of the Act. Plaintiff applied for CDB and SSI on or about June 23, 2014. [ECF No. 7-6, Exs. 1D, 2D]. In her applications, she alleged that since June 19, 1995, she had been disabled due to asthma, obesity, and learning disability. [ECF No. 7-9, Ex. 4E]. Administrative Law Judge ("ALJ") Wayne Stanley held a hearing on August 11, 2016, at which Plaintiff was represented by counsel. [ECF No. 7-2 at 26-56]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 50-54. In a decision dated August 31, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 7-2, at 11-22]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on October 30, 2017, the Appeals Council denied Plaintiff's request for review. [ECF No. 7-2, at 1-3]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 13 and 15]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Determining whether substantial evidence exists is "not merely a quantitative exercise." Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails

to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the

national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ IMPROPERLY DETERMINED PLAINTIFF'S RFC**

In this case, the ALJ found that Plaintiff had severe impairments, including asthma, learning disorder, and borderline intellectual functioning. [ECF No. 7-2 at 13-14]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 14-17. The ALJ further found that Plaintiff had the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: she must avoid exposure to respiratory irritants, such as dust and fumes, and should not work in extremes of temperature or humidity; she should work in a job with more oral than written instructions; she is restricted to simple tasks, simple decisions, and simple instructions, i.e., those commensurate with DOT SVP levels 1 or 2; and she is limited to jobs involving few independent decisions and few changes in terms of work process and work locations. Id. at 17-20. The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that

Plaintiff was not disabled within the meaning of the Act.  Id. at 21-22.

Plaintiff's primary argument on appeal is that the ALJ erred in determining her residual functional capacity ("RFC").  [ECF No. 14, at 5-6].  In this regard, Plaintiff contends only that she "believes the evidence shows that she is incapable of working in a competitive employment environment because of her anxiety issue," and, more specifically, that she "has not been able to maintain the persistence, concentration, and pace necessary to maintain employment in the national economy."  Id.  The only evidence Plaintiff cites in support of this argument is her own subjective hearing testimony regarding her limited work history, daily activities, and intellectual difficulties.  Id. (citing hearing transcript).  In addition to being cursory and woefully underdeveloped, this argument is substantively without merit.

Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations.  20 C.F.R. §§ 404.1545(a); 416.945(a).  The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations.  Id.  Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ.  20 C.F.R. §§ 404.1527(d); 404.1546; 416:927(d); 416.946; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Importantly, the applicable standard is not whether there is evidence to establish Plaintiff's position, but, rather, whether there is substantial evidence to support the ALJ's finding.  Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989).  Thus, as an initial matter, Plaintiff's argument that evidence supports her position is misplaced.  Applying the correct standard, the ALJ properly considered Plaintiff's testimony and other relevant record evidence with respect to her mental health impairments in his RFC analysis, and concluded that the evidence did not support the severity of her allegations.  [ECF No. 7-2, at 17-20].  In accordance with the regulations, the ALJ

supported his RFC finding with substantial evidence, including, inter alia, Plaintiff's treatment records and medication history (or lack thereof); educational records; medical opinion evidence; intellectual testing results; work history; and activities of daily living. See id. (citing Exhibits 1A, 2A, 2E, 4E, 5E, 3F and Testimony).[2]

Moreover, in crafting the RFC, the ALJ did not discount Plaintiff's alleged difficulties maintaining concentration, persistence, and pace entirely and included restrictions in his RFC finding related to all of her credibly-established mental impairments, including a limitation to work in a job with more oral than written instructions; a restriction to simple tasks, simple decisions, and simple instructions, *i.e.*, those commensurate with DOT SVP levels 1 or 2; and a limitation to jobs involving few independent decisions and few changes in terms of work process and work locations. [ECF No. 7-2, at 17]. Because the ALJ's RFC more than generously accounted for

---

[2] Again, although Plaintiff alleges in her Brief that she is not able to maintain appropriate "concentration, persistence, and pace" due to anxiety, the only evidence she cites to support that allegation is her own hearing testimony. [ECF No. 14 at 5-6]. Plaintiff does not cite any medical opinions or other record evidence imposing or supporting such a limitation that the ALJ failed to consider. To the contrary, as the ALJ notes in his opinion, Plaintiff denied ever receiving mental health treatment; asserted that the only medications she took were for her asthma; and testified that she never received anything more than routine medical care for any condition. [ECF No. 7-2, at 17]. The only medical opinion evidence similarly supports the ALJ's conclusion that Plaintiff did not have work-preclusive limitations with respect to concentration, persistence, and pace. For example, the ALJ gave great weight to consultative examiner, T. David Newman, Ph.D., who opined that Plaintiff had moderate limitations on her ability to understand, remember, and carry out complex instructions and make judgments on complex work-related decisions, and no limitations on her ability to understand, remember, and carry out simple instructions and make judgments on simple work-related decisions. See ECF No. 7-2 at 19-20 (citing Ex. 3F). Dr. Newman also opined that Plaintiff's impairments had no effect on her ability to interact appropriately with supervisors, co-workers, and the public, or to respond to changes in the routine work setting, and he noted in his report that Plaintiff was able to follow instructions without having them repeated and maintained her attention and concentration throughout her evaluation. See id. & Ex. 3F. The ALJ also gave some weight to state agency reviewing psychiatrist, Arlene Rattan, who found moderate limitations in concentration, persistence, and pace. See id. at 20 (citing Exs. 1A, 2A). Like Dr. Newman, Dr. Rattan found that Plaintiff was not significantly limited in her ability to understand, remember, and carry out short and simple instructions, or to make simple, work-related decisions. See id. at Exs. 1A, 2A. Dr. Rattan concluded that Plaintiff could function in production-oriented jobs requiring little independent decision making, that she could perform simple, routine, repetitive tasks in a stable environment, and that she was able to meet the basic mental demands of competitive tasks on a sustained basis despite the limitations resulting from her impairment. [ECF No. 7-3, Exs. 1A, 2A].

the limitations established by the evidence of record, and his findings are supported by substantial evidence, I find that the ALJ did not err in formulating Plaintiff's RFC. Accordingly, there is no basis for remand on this issue.

C. **WHETHER THE ALJ IMPROPERLY DISREGARDED THE VE TESTIMONY AND RELIED ON AN INCOMPLETE HYPOTHETICAL QUESTION**

Plaintiff argues that the ALJ improperly disregarded the testimony of the VE that an individual who would not be able to understand, remember, and carry out even simple instructions on a sustained basis because of problems with pace or concentration would not be able to perform jobs that exist in the economy. [ECF No. 14, at 7]. I disagree.

It is well-settled that the law only requires the ALJ to include limitations supported by the record in his hypothetical question to the vocational expert. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987); Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). Here, the substantial evidence cited above shows that the hypothetical questions the ALJ adopted accurately reflected Plaintiff's impairments. See ECF Nos. 7-2, at 21; 7-3, at 52-53. As set forth more fully above, Plaintiff's argument that the ALJ improperly evaluated the severity of her impairments and erred in failing to include additional limitations in the RFC finding is without merit. Although the VE testified that an individual would not be able to perform any work if problems with pace or concentration would prohibit the individual from understanding, remembering, or carrying out even simple instructions on a sustained basis, ECF No. 7-3 at 53, substantial evidence supports the ALJ's finding that Plaintiff's impairments would not, in fact, limit her to this degree.

Because the ALJ properly considered Plaintiff's limitations supported by the record, and the hypothetical questions on which the ALJ relied accurately reflected those limitations, I find no error on this issue.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HANNAH R. FOSTER,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:18-21

## ORDER OF COURT

AND NOW, this 13th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 13] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 15] is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).